1  RAOUL D. KENNEDY (Bar No. 40892)          MARK A. CHAVEZ (Bar No. 90858)
   JOREN S. BASS (Bar No. 208143)             KATHRYN C. PALAMOUNTAIN (Bar No. 183246)
2  RKENNEDY@SKADDEN.COM                       CHAVEZ & GERTLER LLP
   JBASS @ SKADDEN.COM                        43 Miller Avenue
3  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP   Mill Valley, CA 94941
   4 Embarcadero Center, Suite 3800           Telephone: (415) 381-5599
   San Francisco, California 94111-5974       Facsimile: (415) 381-5572
   Telephone: (415) 984-6400
4  Facsimile: (415) 984-2698                  JOHN RODDY
                                              RODDY KLEIN & RYAN
5  ANDREW L. SANDLER                          727 Atlantic Avenue
   BENJAMIN B. KLUBES                         Boston, MA 02111
   MICHAEL P. KELLY
6  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP   RONALD FREDERICK
   1440 New York Avenue, N.W.                 RONALD FREDERICK & ASSOCIATES
   Washington, D.C. 20005                     55 Public Square
7  Telephone: (202) 371-7000                  Cleveland, OH 44113
   Facsimile: (202) 353-5760
                                              BRIAN GLASSER
8  Attorneys for Defendants Jackson Hewitt Inc. and Tax   BAILEY & GLASSER, LLP
   Services of America, Inc.                  227 Capitol Street
                                              Charleston, West Virginia 25301

                                              Attorneys for Plaintiffs Pierre Brailsford and Kevin
                                              Gilmore

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIERRE BRAILSFORD and KEVIN GILMORE, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> JACKSON HEWITT INC.; TAX SERVICES OF AMERICA, INC.; DOES 1 through 100, <br><br> Defendants. | Case No. C 06-00700 CW <br><br> **STIPULATED PROTECTIVE ORDER** <br><br> Judge: Hon. Claudia Wilken |

## STIPULATED PROTECTIVE ORDER

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect adequately material entitled to confidential treatment, and ensure that protection is afforded only to material so entitled, it is, pursuant to the Court's authority under Federal Rule of Civil Procedure 26(c) and with the consent of the parties, ORDERED:

1. **Non-Disclosure of Stamped Confidential Documents.** Except with the prior written consent of the party or other person originally designating a document to be stamped as a confidential document, or as hereinafter provided under this Order, no stamped confidential document, nor the content of such document, may be disclosed to any person.

2. **Stamped Confidential Documents.** A "stamped confidential document" means any document which bears the legend (or which shall otherwise have the legend recorded upon it in a way that brings it to the attention of a reasonable examiner) "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to signify that it contains information believed to be subject to protection under Federal Rule of Civil Procedure 26(c). Consistent with paragraph 17, *infra*, inadvertent failure to designate a document as "confidential" at the time of production may be corrected by supplemental written notice as soon as practicable. The parties shall in good faith designate as "confidential" only those documents that contain "a trade secret or other confidential research, development, or commercial information," pursuant to Federal Rule of Civil Procedure 26(c). For purposes of this Order, the term "document" means all written, recorded, live testimony, or graphic material, whether produced or created by a party or another person, whether produced pursuant to Rule 26(c), subpoena, by agreement, or otherwise. Interrogatory answers, responses to requests for admission or production, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection may be accorded status as a stamped confidential document, but, to the extent feasible, shall be prepared in such a manner that the confidential information is bound separately from that not entitled to protection.

3. **Marking of Documents as Confidential.** When a party or other person or entity produces confidential material of that party or other person or entity for inspection in this action, no marking need be made by the party or entity in advance of the inspection. Upon selection of specified documents or information for copying by a party, the party or other person or

entity producing confidential material shall mark the copies. The parties shall treat as confidential all documents produced for inspection until the copies are produced.

4. **Non-party Productions.** Counsel for parties to this Order will be given an opportunity to review all documents and testimony produced or obtained through discovery from non-parties to this action that the party, in good faith, believes may contain confidential or proprietary information. The party, within 30 days of receiving such documents or testimony from the producing non-party, shall designate the documents or testimony that contains confidential material, and such documents or testimony shall be treated in accordance with the terms of this Order.

5. **Permissible Disclosures.** Notwithstanding paragraph 1, stamped confidential documents may be disclosed to:

   a) counsel for the parties in this action who are actively engaged in the conduct of this litigation; to the partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the litigation; to persons with prior knowledge of the documents or the confidential information contained therein, and their agents; to court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court); and to employees and experts of the party so designating the documents as confidential.

   b) employees of third-party contractors involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with these actions, including the performance of such duties in relation to a computerized litigation support system; *provided*, however, that in all such cases the individual to whom disclosure is to be made has signed (similar to Exhibit A attached to this Order) containing –

      1) a recital that the signatory has read and understands this Order;

2) a recital that the signatory understands that unauthorized disclosures of the stamped confidential documents may constitute contempt of court; and

3) a statement that the signatory consents to the exercise of personal jurisdiction by this Court.

c) Experts retained by the parties, *provided*, however, that each expert executes a form attached as Exhibit A containing the additional recital that the expert is not a competitor, nor works for a competitor of the other party.

No party may disclose a stamped confidential document to a competitor (or agent of competitor) of the designating party without the express written consent of the designating party.

6. **Declassification.** Any party may challenge the classification of a document as "confidential" if that party has a good faith basis to believe that the document should not be so classified. The challenging party must provided written notice to the designating party which: (1) identifies the document(s) that is the subject of the challenge; and (2) states the grounds upon which the challenging party believes that the document(s) should not be protected. Within 15 days of receiving such written notice, the designating party may move the Court for an order that the document(s) is entitled to confidential treatment. If the designating party opts not to file such a motion, when the 15-day notice period expires, the document(s) shall not be protected under the terms of this Order. If a motion is filed, however, the parties shall continue to treat the document(s) as protected under this Order unless and until the Court rules that the document(s) is not subject to protection. The filing, service, and notice requirements for such a motion shall be governed by the Local Rules for the United States District Court for the Northern District of California. To maintain confidential status, the designating party must show by a preponderance of the evidence that there is good cause for the document(s) to have such protection.

7. **Confidential Information in Depositions.**

   a) A deponent may during the deposition be shown and examined about stamped confidential documents if the deponent already knows the confidential information contained therein or if the provisions of paragraph 5(b) are complied with. Deponents shall not retain or copy portions of the transcript of their depositions that contain confidential information not provided by them or the entities they represent unless they sign the form prescribed in paragraph 5(b). A deponent who is not a party or a representative of a party shall be furnished a copy of this Order before being examined about documents stamped confidential pursuant to this Order.

   b) A party wishing to designate deposition testimony or deposition exhibits as confidential may do so by making a statement to such effect on the record during the course of the deposition. Additionally, parties may, within 30 days after receiving a deposition transcript, designate pages of the transcript (and exhibits thereto) as confidential, and provide written notice to the other parties that it has done so by stating what exhibits or portion of the transcript are deemed confidential. Until expiration of the 30 day period, the entire deposition will be treated as subject to protection against disclosure under this Order. If no party or deponent timely designates confidential information in a deposition, then none of the transcript or its exhibits will be treated as confidential, unless such exhibits have previously been identified as confidential; if a timely designation is made, the confidential portions and exhibits shall be filed under seal separate from the portions and exhibits not so marked. Declassification of the designated deposition transcript pages and exhibits may be sought pursuant to the procedures of paragraph 6.

8. **Confidential Information at Hearings.** Subject to the Federal Rules of Evidence and/or the Federal Rules of Civil Procedure, stamped confidential documents and other confidential information may be offered in evidence at any court hearing. Any party who wishes to introduce documents designated as confidential by another party must follow the

procedures set forth in Northern District Local Rule 79-5, which include the filing of an Administrative Motion. The Court will then determine whether the proffered evidence should continue to be treated as confidential information and, if so, what protection, if any, may be afforded to such information at the trial.

9. **Subpoena by Other Courts or Agencies.** If any court or an administrative agency subpoenas or orders production of stamped confidential documents that a party has obtained under the terms of this Order, that party shall immediately give written notice to counsel of the party or other person who designated the document as confidential of the pendency and content of such subpoena or order, together with a copy of such subpoena or order. The parties shall cooperate with each other and keep each other informed regarding the status of objections and/or response to such subpoena. As soon as practicable (and prior to producing documents), the responding party shall make reasonable efforts to inform each designating party as to the identity of documents it believes to be responsive.

10. **Filing.** Stamped confidential documents need not be filed with the clerk except when required in connection with motions under the Federal Rules of Civil Procedure or other matters pending before the Court. If filed, a party introducing evidence designated as confidential by another party must comply with the requirements of Local Rule 79-5.

11. **Use.** Persons obtaining access to stamped confidential documents under this Order shall use the information only for preparation and trial of this litigation (including appeals and retrials), and shall not use such information for any other purposes, including business, governmental, commercial, or administrative or judicial proceedings.

12. **Non-Termination.** The provisions of this Order shall not terminate at the conclusion of this action. Within one hundred twenty (120) days after final conclusion of all aspects of this litigation, stamped confidential documents and all copies of same (other than exhibits of record) shall be returned to the party or person that produced such documents or, at the option of the producer (if it retains at least one copy of the same), destroyed. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel

1   for the party who produced the documents not more than one hundred fifty (150) days after
2   final termination of this litigation.
3   13. **Modification Permitted.** Nothing in this Order shall prevent any party or other person
4   from seeking modification of this Order or from objecting to discovery that it believes to be
5   otherwise improper.
6   14. **Responsibility of Attorneys.** The attorneys of record are responsible for employing
7   reasonable measures, consistent with this Order, to control duplication of, access to, and
8   distribution of copies of stamped confidential documents. Parties shall not duplicate any
9   stamped confidential document except working copies and for filing in court under seal.
10  15. **No Waiver.**
11      a) Review of the confidential documents and information by counsel, experts, or
12          consultants for the litigants in the litigation shall not waive the confidentiality of the
13          documents or objections to production.
14      b) The inadvertent, unintentional, or in camera disclosure of confidential documents
15          and information shall not, under any circumstances, be deemed a waiver, in whole
16          or in part, of any party's claims of confidentiality.
17  16. **Inadvertent Disclosure of Privileged Information.** In the event that a document
18      protected by the attorney-client privilege, work product doctrine, or other immunity is
19      inadvertently produced by any party to this proceeding, the party may request that the
20      document be returned. In the event that such a request is made, all parties to the litigation
21      and their counsel shall promptly return all copies of the document in their possession,
22      custody, or control to the producing party and shall not retain or make any copies. Such
23      inadvertent disclosure of a privileged document shall not be deemed a waiver with respect
24      to that document or other documents involving similar subject matter.
25  17. **Inadvertent Failure to Designate.** If a party fails to designate information as confidential,
26      such failure shall not constitute a waiver of the disclosing party's right to so designate such
27      information. In the event that such an inadvertent failure to designate occurs, the disclosing
28

party shall upon discovery of the inadvertent failure promptly notify in writing all parties known to have received the information in question, and provide them with appropriately marked substitute copies of the affected information. Until a receiving party receives such notification, any disclosure made by that party of the information to those not permitted by this Order to have access to the information shall not constitute a violation of this Order. However, upon receiving such notification, the receiving party shall request all persons to whom the information was disclosed by the receiving party but who are not permitted to have access to such information under the terms of this Order to return the information to the producing party. The receiving party shall also destroy all copies of the incorrectly labeled information and, if the party to whom the receiving party disclosed the information is permitted access to such information under this Order, replace them with the substitute copies provided by the disclosing party.

18. **General.** Nothing contained in this Confidential Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the confidential documents and information sought.

19. **Consultation.** Prior to making any motion to this Court pursuant to or concerning the Order, counsel contemplating such a motion shall consult in good faith with opposing counsel in an effort to resolve the subject of the motion on a stipulated basis, subject to Court approval as necessary. Any motion to this Court shall state in said motion that the moving party has consulted with the opposing Counsel as required herein but that said consultation has been unsuccessful.

SO ORDERED THIS 20th day of September, 2006.

*[signature: Claudia Wilken]*

The Honorable Claudia Wilken
United States District Judge

AGREED AND STIPULATED:

CHAVEZ & GERTLER LLP

Date: 9/8/06

By: _____
MARK A. CHAVEZ
KATHRYN C. PALAMOUNTAIN
Attorneys for Plaintiffs

RODDY, KLEIN & RYAN

Date: 9/8/06

By: _____
JOHN RODDY
Attorney for Plaintiffs

RONALD FREDRICK & ASSOCIATES

Date: 9/8/06

By: _____
RONALD FREDRICK
Attorney for Plaintiffs

BAILEY & GLASSER

Date: 9/8/06

By: _____
BRIAN GLASSER
Attorney for Plaintiffs

```
                                    SKADDEN, ARPS, SLATE,
                                    MEAGHER & FLOM LLP

Date: September 8, 2006             By: /s/ Raoul Kennedy /mrk
                                    RAOUL D. KENNEDY
                                    JOREN S. BASS
                                    Attorneys for Defendants
```

# EXHIBIT "A"

## Acknowledgement of Protective Order and Agreement To Be Bound

_____ states as follows:

1. I reside at _____ in the city and county of _____ and state of _____;

2. I have read and understand the Stipulated Protective Order dated _____, entered in the matter styled as *Brailsford v. Jackson Hewitt Inc. et al.*, Civil Action No. 06-700, pending in the United States District Court for the Northern District of California ("the *Brailsford* matter");

3. I  (check one)

   ☐  am engaged as a consultant or expert, or

   ☐  have been interviewed by _____ on behalf of _____ in the preparation or conduct of the *Brailsford* matter;

4. **If I am engaged by a party as a consultant or expert, I affirm that I am not a competitor nor do I do work for a competitor of any other party to this matter.**

5. I agree to comply with and be bound by the provisions of the Stipulated Protective Order;

6. Counsel who has retained or consulted with me has explained the terms thereof;

7. I agree to consent to the personal jurisdiction of this Court for matters to the above-referenced case.

8. I will not divulge to persons other than those specifically authorized by paragraph 5 of the Stipulated Protective Order, and will not copy or use, except solely for purposes of this litigation, any confidential document or information as defined by the Stipulated Protective Order, except as provided therein.

_____
(Signature of individual to whom disclosure will be made)