1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

11

PIERRE BRAILSFORD, individually and on
behalf of all others similarly situated.

12

Plaintiffs,

13

vs.

14

JACKSON HEWITT INC.; TAX SERVICES
OF AMERICA, INC.,

15

16

Defendants.

17

) Case No. C 06-00700 CW
)
)
) **CLASS ACTION**
)
)
) **ORDER PRELIMINARILY APPROVING**
) **STIPULATION OF CLASS ACTION**
) **SETTLEMENT**
)
) **Judge:  Hon. Claudia Wilken**
)
)
)

18

19

20

21

22

23

24

25

26

27

28

1    The Court, having reviewed the Stipulation of Class Action Settlement ("Settlement

2    Agreement") submitted by the parties and considered the matter, hereby ORDERS that the

3    Settlement Agreement is preliminarily approved.  The Court further finds that:

4        1.    The members of the Class (defined below) are so numerous that joinder of all

5    members is impracticable;

6        2.    There are questions of law and/or fact common to the Class;

7        3.    The claims of Pierre Brailsford (the "Representative Plaintiff") are typical of

8    the claims of the Class;

9        4.    The Representative Plaintiff will fairly and adequately protect the interests of

10   the Class;

11       5.    The questions of law and/or fact common to the members of the Class

12   predominate over any questions affecting only individual members;

13       6.    A class action is superior to other available methods for the fair and efficient

14   adjudication of this controversy; and

15       7.    The proposed settlement resulted from arms length negotiations by qualified

16   and competent counsel, assisted by a qualified and competent mediator.

17            It is, therefore, hereby ORDERED that:

18       8.    Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Class defined below

19   is provisionally certified, and is treated as a class for settlement purposes.

20       9.    The Class is defined as all customers who obtained a Refund Anticipation Loan

21   ("RAL") in California that was facilitated by Jackson Hewitt from a national bank between

22   December 23, 2001 and December 23, 2005.  The Class does not include the following

23   otherwise falling within the above definition:  (i) anyone who is an officer, director, or

24   employee of Jackson Hewitt or any of its franchisees; and (ii) anyone who applied for and

25   obtained a refund anticipation loan outside the class period or outside of California.

26       10.   The Court determines that Pierre Brailsford is an adequate class representative

27   and, certifies that Pierre Brailsford is the Representative of the Class.

28

1

ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, Case No.:  C 06-00700 CW

1         11.     Pursuant to Rule 23(g), the Court certifies Mark A. Chavez, of Chavez &

2 Gertler LLP; John Roddy of Roddy Klein and Ryan; Ronald L. Frederick of Ronald Frederick

3 & Associates, Co. L.P.A.; and Brian A. Glasser and John W. Barrett of Bailey & Glasser LLP

4 as adequate Class Counsel, with authority to take all appropriate actions in connection with

5 the review, approval implementation and administration of the Settlement.

6         12.     The proposed settlement as set forth in the Settlement Agreement executed by

7 the parties is preliminarily approved as fair, reasonable and adequate, subject to a hearing as

8 provided herein for final approval.

9         13.     The Representative Plaintiff and all members of the Class are barred and

10 enjoined from bringing or continuing to prosecute any claim, action or cause of action against

11 any of the Defendants relating to the matters that will be released under the Settlement

12 Agreement, unless he or she opts out of the Class pursuant to the procedures set forth below.

13         14.     The parties shall select a Claims Administrator.  Defendants shall use best

14 efforts to provide the Claims Administrator with the names and current or last known mailing

15 addresses of all Class members within 30 days of entry of this Order.

16         15.     A hearing ("Final Approval Hearing") is hereby set for  **April 27, 2007 at**

17 **10:00 a.m.**, in Courtroom 2 at the United States Courthouse, 1301 Clay Street, Oakland,

18 California, to determine whether the proposed settlement is fair, reasonable and adequate, and

19 should be finally approved, and to consider an award of reasonable attorneys' fees and

20 expenses and award to the Representative Plaintiff.  All memoranda, affidavits, declarations

21 and other evidence in support of the request for approval of the Settlement and Class

22 Counsel's request for approval of attorneys' fees, costs and reimbursement of expenses shall

23 be filed no later than seven (7) calendar days prior to the Final Approval Hearing.

24         16.     The Settlement Administrator shall send notice ("Mailed Notice") to class

25 members by first class mail, postage prepaid.  Mailed Notice of the Settlement Agreement

26 shall be sent in the same mailing envelope as the notice of settlement reached between the

27 California Attorney General and Jackson Hewitt, and entered by Stipulated Judgment in the

28 Superior Court of Alameda County, California.  A copy of the Mailed Notice to be sent in this

case is attached to the Settlement Agreement at Exhibit 2.  The Court finds that Mailed Notice is the best practicable method of notice that is reasonably calculated to apprise Class members of the Settlement Agreement and their rights.

17.    Class members whose original Mailed Notice has been returned and, as a result, for whom an additional locator service will have been used to prepare and send, if possible, a second Mailed Notice, shall have the later of thirty (30) calendar days after the date of the mailing of the second Mailed Notice or ninety (90) days after the initial Mailed Notice, to opt-out of the Class.

18.    Each Class Member who wishes to exclude himself/herself from the Class must submit an appropriate written request for exclusion, including his/her name, address and telephone number, with the Clerk of the Court, in care of the post-office box rented for that purpose not later than 20 days before the Fairness Hearing.  No Class Member, or any person acting on behalf of or in concert or participation with that Class Member, may exclude any other Class Member from the Class.  The original requests for exclusion shall be filed with the Court by Plaintiffs' Counsel at or before the Fairness Hearing.  If the proposed settlement is approved, any and all Class Members who have not submitted a timely, written request for exclusion from the Class shall be bound by all proceedings, orders and judgments in this action.

19.    Any Class Member who has not filed a timely written request for exclusion and who wishes to object to the fairness, reasonableness or adequacy of the Settlement Agreement, or to the award of Attorneys' Fees and Expenses, must deliver to Plaintiffs' Counsel and Defendants' Counsel and file with the Court, no later than 20 days before the Fairness Hearing or as the Court may otherwise direct, a statement of his/her objection, as well as each and every specific reason(s), if any, for each objection, including all legal support the Class Member wishes to bring to the Court's attention and any evidence the Class Member wishes to introduce in support of the objection.  Class Members may so object either on their own or through an attorney hired at their own expense.

1    20.    If a Class Member hires an attorney to represent him/her, the attorney must (i)

2   file a notice of appearance with the Clerk of Court no later than 20 days before the Fairness

3   Hearing, or as the Court may otherwise direct, and (ii) deliver to Plaintiffs' Counsel and

4   Defendants' Counsel not later than 20 days before the Fairness Hearing a copy of the same.

5    21.    This Order shall not be construed or deemed to be a finding of this Court or

6   evidence of a presumption, implication, concession or admission by Defendants concerning

7   (i) any liability, fault or wrongdoing by Defendants; (ii) the appropriateness of any measure of

8   alleged loss or damages; or (iii) the appropriateness of class certification for any purposes

9   other than settlement.  If the Settlement Agreement is terminated pursuant to its terms, or if

10   the Settlement is not approved or consummated for any reason whatsoever, the Settlement and

11   all proceedings had in connection therewith shall be without prejudice to the *status quo ante*

12   rights of the parties to this action.  In that event, upon notice of one or more Parties of the

13   termination or failure to consummate the Settlement, this Order shall be vacated, the

14   certification shall be dissolved *ab initio,* and all of the *status quo ante* rights of the Parties

15   shall be restored including, but not limited to, Defendants' rights to oppose certification of a

16   class and/or the merits of Plaintiffs' claims on any grounds, legal or equitable.

17   IT IS SO ORDERED.

18

19   DATED:    January 12, 2007

20

21

22   _____
          The Honorable Claudia Wilken
23        UNITED STATES DISTRICT COURT JUDGE

24

25

26

27

28

ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, Case No.:  C 06-00700 CW