UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIERRE BRAILSFORD, individually and on behalf of all others similarly situated.<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>JACKSON HEWITT INC.; TAX SERVICES OF AMERICA, INC.,<br><br>　　　　　Defendants. | Case No. C 06-00700 CW<br><br>**CLASS ACTION**<br><br>**AMENDED FINAL ORDER APPROVING CLASS ACTION SETTLEMENT AND AWARDING ATTORNEYS' FEES AND EXPENSES**<br><br>**Judge:  Hon. Claudia Wilken** |

This matter having come before the Court at the fairness and final approval hearing (the "Fairness Hearing") on April 27, 2007, which date was previously set by the Court, and upon the Plaintiff's motion for an order of final approval of the settlement agreement, certification of the class for settlement purposes only, and application for attorneys' fees and expenses. Appearances were made on behalf of the Plaintiff by Mark A. Chavez, of Chavez & Gertler LLP, John Roddy of Roddy Klein and Ryan, Ronald Frederick of Ronald Frederick & Associates, Co., L.P.A., and Brian A. Glasser and John W. Barrett of Bailey & Glasser LLP, all of whom were previously certified as Class Counsel in the *Order of Preliminary Approval* dated January 12, 2007 (the "Preliminary Approval Order") and on behalf of the Defendants Jackson Hewitt, Inc., and Tax Services of America, Inc, by Raoul S. Kennedy, Joren D. Bass, Andrew L. Sandler, Benjamin B. Klubes and Michael P. Kelly of Skadden, Arps, Meagher & Flom. The Court has reviewed the briefing, evidence and record adduced at the Fairness Hearing and has considered the oral and written arguments on the motions, and being prepared to rule, the Court hereby makes the following findings of fact and conclusions of law.

## I. FINDINGS

### A. Rule 23 Requisites

1. This Court has subject matter jurisdiction over the Class Representative's individual and class claims. The Court has personal jurisdiction over the Class Representative and the Defendants.

2. Plaintiff has satisfied each of the prerequisites for a class action under Fed. R. Civ. P. 23(a) and (b)(3) in that: (a) the number of Class members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Class Representative are typical of the claims of the Class; (d) the Class Representative and her counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

1    3.    The Class was, in the Preliminary Approval Order, provisionally certified under Fed. R. Civ. P. 23(b)(3) for settlement purposes only, as a class comprised of all customers who obtained a Refund Anticipation Loan ("RAL") in California that was facilitated by Jackson Hewitt from a national bank between December 23, 2001 and December 23, 2005. The Class does not include the following otherwise falling within the above definition: (i) anyone who is an officer, director, or employee of Jackson Hewitt or any of its franchisees; and (ii) anyone who applied for and obtained a refund anticipation loan outside the class period or outside of California.

4.    The members of the Class can and have been identified from the records of the Defendants. There are over 150,000 persons in the Class. It would be impracticable to join so many persons as named parties.

5.    The claims of the Class Representative, Pierre Brailsford, are typical of the claims of members of the Class, and are common to the members of the Class. The Class Representative claims in her complaint that by facilitating RALs, Jackson Hewitt violated the California Credit Services Act of 1984, Civil Code §§ 1789.10 to 1789.26 ("CSA"), violated the Unfair Competition Law, Business & Professions Code § 17200 et seq., and breached fiduciary duties to RAL purchasers. The Class Representative seeks damages for these alleged wrongs. Class Members will benefit from the relief the Class Representative seeks on their behalf.

6.    The Class Representative has adequately represented the class. Her interests do not diverge from those of the Class members.

7.    The Preliminary Approval Order provided for the appointment of Pierre Brailsford as the Class Representative. The Order also appointed Mark A. Chavez, of Chavez & Gertler LLP, John Roddy of Roddy Klein and Ryan, Ronald Frederick of Ronald Frederick & Associates, Co., L.P.A., and Brian A. Glasser and John W. Barrett of Bailey & Glasser LLP as Class Counsel.

8.    Class Counsel are lawyers and law firms with substantial experience in the prosecution of class actions similar to this class action. The terms of the proposed settlement

demonstrate that the Class Representative and her counsel have adequately represented the interests of members of the Class.

9. Common questions of law and fact predominate for the purposes of settlement of this proceeding. Common questions include: (1) whether Defendants violated the CSA; (2) whether Defendants obtained fees for assisting in the arrangement of RALs for Class Members either directly or indirectly; (3) whether Defendants failed to utilize the required forms when engaging in conduct covered by the CSA; (4) whether Defendants failed to disclose to Class Members their rights under the CSA; (5) whether Defendants violated Business & Professions Code § 17200 in the marketing and arranging of RALs; and (6) whether Defendants breached fiduciary duties to the Class Members in arranging, obtaining or helping to obtain RALs. For settlement purposes, this Court considers whether the proposed settlement provides fair, adequate and reasonable compensation for claims of Class members arising from the Defendants' allegedly common practice and method of doing business. The common issues predominate for the purposes of settlement.

10. All members of the Class obtained RALs in California, and therefore California law governs the claims of the Class members.

11. For the purposes of granting final approval of the Settlement Agreement, the Class, as defined, is manageable.

12. Defendants categorically deny any liability or wrongdoing in this case. Without any admission or concession by the Defendants of any liability or wrongdoing with respect to the allegations made or which could have been made in the Complaint, all claims of the Class Members shall be finally and fully compromised, settled and released, and this action dismissed with prejudice, upon and subject to the terms and conditions of the Settlement Agreement, which were the subject of extensive negotiations between and agreement by the parties, and subject to the terms and conditions of this Order.

**B. Class Notice**

13. Rust Consulting, Inc. was appointed as Claims Administrator (the "Claims Administrator"), and has acted as such throughout this litigation. The Claims Administrator

1  facilitated notice. The Court has received and considered the Affidavit of Senior Project
2  Administrator Amy Lake and the exhibits thereto as part of the Fairness Hearing.

3       14.   The Court previously approved the form of the written notice (the "Mailed
4  Notice") which was sent to Class members.  The Court reiterates its prior findings, and hereby
5  again finds, that the Mailed Notice fairly and adequately informed Class members of the
6  nature of the action, the terms of the proposed settlement, the effect of the action and
7  settlement on other actions raising similar claims, the Class members' rights to exclude
8  themselves from this action, and the Class members' rights to object to the proposed
9  settlement.

10      15.   The requirements for opting out of the Class are stated with reasonable clarity
11 in the Mailed Notice, and are not overly complicated.

12      16.   The Mailed Notice adequately describes the benefits to be paid to the Class as a
13 whole. The Mailed Notice provides adequate explanation of how the amount to be paid to an
14 individual Class member will be calculated.  Given the nature of the settlement, it would be
15 impossible to estimate accurately the actual amount an individual Class member will receive
16 from the settlement.  Class members would not have been aided substantially by the Mailed
17 Notice containing any additional information regarding settlement benefits.

18      17.   The Mailed Notice adequately discloses the nature and scope of the release
19 provisions of the Settlement Agreement.

20      18.   The Mailed Notice adequately discloses that the Class Representative would
21 seek a service award for herself, an award of attorneys' fees and costs, and the amounts
22 requested.

23      19.   The distribution of the Mailed Notice was made by First Class Mail, postage
24 prepaid, by the Claims Administrator to Class members in substantially the form attached to
25 the Settlement Agreement, which form was previously reviewed and approved by this Court
26 in the Preliminary Approval Order.  The Mailed Notice was individually addressed to each
27 person meeting the definition of the Class at his or her current or last known address as
28 reflected in the records of the Defendants, as updated by the Claims Administrator by its use

of one or more locator databases. The mailing occurred on February 16, 2007, and a reminder was mailed to all those who had not responded on March 19, 2007. The deadline for opting out by Class members was April 7, 2007.

20. The Mailed Notice adequately reflected the date by which Class members could object to class certification, the settlement agreement, Class Counsel's requested attorneys' fees and expenses, or the proposed payment to the Class Representative, which objection date was specified as April 7, 2007.

21. There was an adequate interval between the Mailed Notice and the opt-out deadline and between the Mailed Notice and the objection deadline so as to permit Class members to choose what to do, and to act on their decisions.

**C.  Opt-Outs and Objections**

22. Following the Mailed Notice, the Class Counsel received opt-out notices from two persons:

Chuck Perry, 5372 Litt Rd., Modesto, CA 95357; and

Valrose Larmond, 4985 Comanche Dr. apt. 2, La Mesa, CA 91941-3517.

23. No objections were filed or received.

**D.  Fairness of the Settlement**

24. The Settlement Agreement was reached as the result of extensive arm's length negotiations between the parties. The Agreement was facilitated by an experienced mediator, Edward A. Infante, former Chief Magistrate Judge of the United States District Court for the Northern District of California, who submitted an affidavit attesting to the parties' good faith negotiations, and offering his opinion that the Settlement Agreement is fair and reasonable. The terms of the Settlement are also consistent with the terms of the Settlement reached between Defendants and the California Attorney General resolving similar claims asserted by the Attorney General. The Plaintiff has been represented by a group of experienced law firms with a wide range of experience in class action litigation, including law firms which have pursued similar litigation against other RAL facilitators for years.

1   25.   Sufficient investigation and discovery was accomplished to permit counsel for the parties and the Court to intelligently evaluate the proposed settlement.

26.   The settlement is recommended by counsel for both parties.  Class Counsel and counsel for the Defendants are skilled and experienced lawyers and law firms with extensive experience handling consumer claims, including class actions, and are competent to evaluate the benefits and burdens of the proposed settlement in comparison with the potential recovery, complexity, risk and delay likely if this case were to be litigated to a final conclusion.

27.   Approximately 165,307 notices were mailed to identified Class members, over 130,000 of which have been confirmed as received.  Approximately 43,930 members have returned confirmation cards.  Only two members filed opt-outs, and none filed a written objection.  This extremely low level of opt-outs is an indication of the Class members' acceptance of the settlement as fair and adequate.

28.   After due consideration of the Plaintiff's likelihood of success on the merits; the terms and conditions of the Settlement Agreement; the extent of discovery and the litigation stage at which settlement was reached; the recommendation and experience of counsel; the recommendation and experience of the mediator, Judge Infante; the concurrence of the California Attorney General; the future expenses and likely duration of litigation; the lack of opposition to the settlement; the presence of good faith and absence of collusion; all written submissions, affidavits, and arguments of counsel; and after notice and hearing, the Court finds that the Settlement is fair, adequate and reasonable.  The Court also finds that the settlement terms fall within the range of settlement terms that are fair, adequate and reasonable in the circumstances of the Brailsford Action.  Accordingly, the Settlement Agreement should be and is approved and shall govern all issues regarding the Settlement and all rights of the Parties, including the Class Members.

29.   The Court retains jurisdiction over implementation of the settlement so that it can assure that the settlement funds are distributed appropriately.

1    30.    The service award of $5,000 to Pierre Brailsford is fair and reasonable.  This
2 service award will be paid pursuant to the Settlement Agreement, and shall be in addition to
3 any recovery by the members of the Class.

4    **G.  Attorneys' Fees**

5    31.    Fed. R. Civ. P. 23(h) provides in pertinent part that "[i]n an action certified as a
6 class action, the Court may award reasonable attorneys' fees and nontaxable costs authorized
7 by law or by agreement of the parties. . . ."

8    32.    The matter of attorneys' fees in the instant litigation was not negotiated by the
9 parties until an agreement had been reached and made as to the relief to be provided to the
10 Class members.

11    33.    The Settlement Fund established through the Settlement Agreement is
12 $672,615, plus the interest it has been earning since January 22, 2007, when it was placed in
13 an interest-bearing escrow account by the Defendants.  Class Counsel has requested an award
14 of fees of $201,785 from the total Settlement Fund, plus $15,000 in costs, to be paid from the
15 Settlement Fund.  In the Settlement Agreement, Defendants agreed that they would not
16 oppose a fee request up to the amount of $224,205 or a cost request up to $15,000, and they
17 have filed a statement of non-opposition representing that they take no position in connection
18 with the request by Class Counsel for an award of fees and costs.

19    34.    District courts in this Circuit have discretion to award attorney fees in common
20 fund class actions based on a lodestar or percentage of the fund method.  <u>In re Coordinated</u>
21 <u>Pretrial Proceedings in Petroleum Prods. Antitrust Litig.</u>, 109 F.3d 602, 607 (9th Cir. 1997).
22 "The district court abuses its discretion when it uses a mechanical or formulaic approach that
23 results in an unreasonable reward. As long as the fee award is reasonable and the district court
24 adequately explains its determination by written order or in open court, adopting the
25 percentage approach is not an abuse of discretion." <u>Powers v. Eichen</u>, 229 F.3d 1249. 1256
26 (9th Cir. 2000).  Further, a twenty-five percent award is the benchmark in this Circuit; a
27 district court may exceed the benchmark if it makes clear how it arrives at the figure

ultimately awarded.  Id. (citing Paul, Johnson, Alston & Hunt v. Graulty, 886 F.2d 268 (9th Cir. 1989)).

35. Class Counsel have submitted documentation to the Court of their efforts in pursuing the litigation, due diligence regarding documents and data obtained from the Defendants, and in the negotiation and implementation of the Settlement, and have submitted to the Court a summary of the time expenditures and expense reports for the various law firms comprising Class Counsel.  The attorneys' fees and costs requested appear fair and reasonable.  In making this determination, the Court specifically finds that the following factors justify the fees and costs application:  (a) this action was a significant factor in Jackson Hewitt's agreement to resolve these matters with the Attorney General and establish the Redress Fund with the agreed upon sum for payment to Jackson Hewitt customers, so that the amount recovered for the benefit of class members effectively exceeds the $672,615 recovery negotiated by Class Counsel; (b) the novelty, complexity, scope and potential duration of the litigation, as well as the risk of nonpayment assumed by Class Counsel, are all significant; (c) Class Counsel are experienced, well-recognized lawyers who have provided excellent representation and have pursued a fair resolution, (d) the time submissions are reasonable given the level of work involved and in light of the nature and duration of the litigation, (e) the attorneys' rates are reasonable and appropriate for attorneys of comparable skill and experience, (f) the matter of attorneys' fees was not negotiated by the parties at all until an agreement had been reached and made as to the relief to be provided to the Class members, and (g) the award is justified under a percentage of the recovery analysis and is well within a reasonable range.

Based upon the foregoing findings and conclusions, and for good cause appearing, it is therefore **ORDERED:**

**A. Class Certification**

1. For settlement purposes only, the Class defined above is hereby certified.

2. The Class Representative and Class Counsel referenced above shall continue as Class Representative and Class Counsel.

### B. Class Notice

3. The Court re-approves the Mailed Notice as the Class Notice previously mailed to the Class members. The Court further finds and determines that Class Notice fully and accurately informed Class members of all material elements of the action, the proposed settlement and their alternatives with respect to the same, and that the notice constituted valid, due and sufficient notice to all Class members, as well as the best notice practicable under the circumstances.

4. Based upon the Settlement Agreement, the declarations of counsel and the Claims Administrator, and the other evidence and testimony adduced at the Fairness Hearing, the Court is satisfied that appropriate efforts to identify and locate the members of the Settlement Class were made.

### C. Final Approval

5. The Court finally approves the Settlement Agreement, and finds that the settlement is fair, adequate and in the best interests of the Class members.

6. The Court orders the parties to perform their obligations pursuant to the Settlement Agreement and this Final Approval Order.

### D. Validity of Opt-Outs

7. The Court hereby voids any requests for exclusion which were not received by the Claims Administrator or postmarked as of April 7, 2007.

### E. Release of Claims

8. The Class Representative and all Class Members who have not timely submitted opt-outs release and discharge the Defendants from, and shall not now or hereafter institute, participate in, maintain, maintain a right to or assert against the Defendants, either directly or indirectly, on their own behalf, or on behalf of the Class or any other person or entity, any and all causes of action, claims, damages, awards, equitable, legal and administrative relief, interest, demands or rights, including, without limitation, claims for rescission, restitution for all damages of any kind, including those in excess of actual damages, and claims for mental anguish, whether based on federal, state or local law, statute,

ordinance, regulation, contract, common law, or any other source, that have been, could have been, may be or could be alleged or asserted now or in the future by the Class Representative or any Class Member against the Defendants or any of them in this Action in connection with the purchases of RALs in California between December 23, 2001 and December 23, 2005. Excluded from the Release are any claims for any debt collection activity relating to RALs, as well as claims made under state law based solely on allegations that a tax preparer failed to properly prepare a tax return.

9. The Complaint is dismissed with prejudice. This dismissal is without cost to any party except as specifically provided in the Settlement Agreement.

10. The Class Representative and all Class Members, other than those who have submitted timely, valid opt-out requests, are bound by the release provisions contained in the Settlement Agreement and this Order, and to the extent there provided, have released and discharged the Defendants from any and all claims as set forth in the Settlement Agreement.

11. The Court bars and permanently enjoins the Class Representative and all Class members, other than those who have submitted timely, valid opt-out requests, from asserting, instituting or prosecuting, either directly or indirectly, any claims released pursuant to the Settlement Agreement.

**F. Attorneys' Fees and Costs**

12. The Court approves the award of attorneys' fees and costs in the total amount of $216,785 to be paid out of the Settlement Fund as of the date of distribution.

13. The service award of $5,000 to Pierre Brailsford is authorized and approved, and is ordered to be paid by the Defendants pursuant to the Settlement Agreement, and shall be in addition to any recovery by the Class.

**G. Other Provisions**

14. Neither this Order and Final Judgment, nor the Stipulation of Settlement, nor any of their terms or provisions, nor any of the negotiations or proceedings connected with them, nor any of the documents or statements created in furtherance of the negotiations, shall be:

    (a) offered or received as evidence of the truth of any allegation or the validity of any claim that has been or could have been made or asserted against any of the Defendants in this action or any other litigation, or the deficiency of any defense that has been or could have been asserted in this action or in any other litigation;

    (b) offered or received as evidence of any liability, negligence, fault, or wrongdoing on the part of any of the Defendants, or deemed to give rise to any presumption with respect to any liability, negligence, fault or wrongdoing on the part of the any of Defendants; or

    (c) deemed as an admission or concession by any of Defendants that the consideration to be paid pursuant to the Stipulation of Settlement represents the amount which would be or would have been recovered after trial.

  Neither the Stipulation of Settlement, nor this Order and Final Judgment, nor the fact of the Settlement, is an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by any of Defendants or of the truth of allegations made against any of the Defendants in this case or any other action.  This Order is not a finding of the validity or invalidity of any claims in this action or of any wrongdoing of any of Defendants."

  15. The parties and their counsel have complied with the requirements of Fed. R. Civ. P. 11 as to all proceedings herein.

  16. The parties will use their good faith efforts to cause the redress to be fully and completely provided to the members of the Class to which they are entitled under the provisions of the Settlement Agreement and this Order on or before June 16, 2007, subject to an extension of that deadline based upon unforeseen circumstances which may cause the parties to be unable to meet that deadline.  The parties will report the status of the distribution of redress to the Class members to the Court by November 15, 2007.

  17. Without further order of this Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

///

///

### H. Continuing Jurisdiction

18. Without affecting the finality of this Order in any manner, the Court retains jurisdiction over: (a) implementation and enforcement of the Settlement Agreement pursuant to further orders of the Court, until such time as the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties hereto shall have been performed pursuant to the Settlement Agreement, including the payments from the Settlement Fund and the relief to be granted to the Class members, (b) any other action necessary to conclude this settlement and implement the Settlement Agreement, (c) the enforcement, construction and interpretation of the Settlement Agreement, including but not limited to, any disputes concerning Class members' release of claims, and (d) the determination of validity of opt-outs, if called upon to make that judicial determination.

19. The Court finds that no just cause exists for delay in entering this Order. Accordingly, the Clerk is hereby directed forthwith to enter this Order pursuant to Fed. R. Civ. P. 54 (b).

IT IS SO ORDERED.

DATED: 5/3/07 _____

_____
The Honorable Claudia Wilken
UNITED STATES DISTRICT COURT JUDGE